IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRENT ALAN MCLEAN, #663292 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20cv470 |
| | § | *consolidated with* 4:20cv543 |
| DIRECTOR, TDCJ | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## CONCERNING PETITIONER'S WRIT OF MANDAMUS

The above-entitled and numbered civil actions were referred to United States Magistrate Judge Kimberly C. Priest Johnson. The Magistrate Judge issued a Report and Recommendation (ECF 4:20cv470, Dkt. #25), which contains proposed findings of fact and recommendations for the disposition of Petitioner's motion to intervene,[1] which was construed as a writ of mandamus, (ECF 4:20cv543, Dkt. # 11). No objections were filed.

In his writ of mandamus, Petitioner asks the Court to order the Estelle Unit, a men's prison under the umbrella of the Texas Department of Criminal Justice—Correctional Institutions Division, to provide supplies, including paper, postage, pen, and legal materials. The Magistrate Judge was correct in her assessment that the relief Petitioner seeks would be considered mandamus relief. She was also correct in determining that the Court lacks jurisdiction to entertain Petitioner's request for relief. Under 28 U.S.C. § 1361, federal district courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, a federal district court is not authorized to direct state officials in the performance of their duties. *Moye v. Clerk, Dekalb Cnty. Sup. Ct.*,

---

[1] Petitioner filed the writ of mandamus in Civil Action Number 4:20-cv-543 prior to the cases being consolidated.

1

474 F.2d 1275, 1275-76 (5th Cir. 1973); *Emerson v. Owens*, 472 F. App'x 308 (5th Cir. 2012). For example, federal district courts may not issue a writ of mandamus to compel state officials to give an inmate documents. *Cross v. Thaler*, 356 F. App'x 724, 725 (5th Cir. 2009); *Nabelek v. Cockrell*, 61 Fed. Appx. 120 (5th Cir. 2003). Petitioner's mandamus therefore must be dismissed.

The Court concludes that the findings and conclusions in the Report and Recommendation are correct and adopts the same as the findings and conclusions of this Court.

It is accordingly **ORDERED** that Petitioner's motion to intervene, construed as a writ of mandamus (ECF 4:20cv543, Dkt. #11) is **DISMISSED** for lack of jurisdiction.

**So ORDERED and SIGNED this 8th day of June, 2021.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE