IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **BRENT ALAN MCLEAN, #663292** | § § | |
| **VS.** | § § | **CIVIL ACTION NO. 4:20cv470**<br>*consolidated with* **4:20cv543** |
| **DIRECTOR, TDCJ-CID** | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

*Pro Se* Petitioner Brent Alan McLean, an inmate confined in the Texas prison system, with the assistance of counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge Kimberly C. Priest Johnson for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

The present Report and Recommendation concerns his request for a temporary restraining order (Dkt. # 43). He is seeking monetary damages for his unlawful confinement beyond October 1, 2019, which, according to Petitioner, is when he should have been released on parole or mandatory supervision. Monetary damages, however, are not available under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."). Furthermore, to the extent Petitioner is seeking immediate release from TDCJ, the motion is denied.

Petitioner's motion is governed by Rule 65 of the Federal Rules of Civil Procedure. A temporary restraining order and/or preliminary injunction is typically granted, pending trial on the merits, to prevent irreparable injury that may result before a dispositive trial. *Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir. 1985). The measures are designed to protect, for example, the *status quo* of the parties or the evidence the movant will need to use at trial to litigate his claims. To grant or deny a preliminary injunction is within the discretion of the trial court. *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).

The prerequisites for a temporary restraining order or preliminary injunction are: (1) substantial likelihood that the moving party will prevail on the merits of the underlying suit, (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to the movant outweighs the threatened harm the injunction may do to the nonmovant, and (4) that granting the preliminary injunction will not disserve the public interest. *Libertarian Party of Texas v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984). *See also Johnson v. Quarterman*, 304 F. App'x 234, 235 (5th Cir. 2008). Since a temporary restraining order and/or preliminary injunction is such an extraordinary and perhaps drastic remedy, one is not granted unless the movant clearly carries the onerous burden of persuasion as to all the elements. *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (5th Cir. 1983).

In the present case, Petitioner did not clearly demonstrate that he will prevail on the merits of the claims contained in his petition. Secondly, Petitioner did not clearly prove that he will suffer irreparable injury if the injunction is not granted. Thirdly, he did not discuss nor clearly prove that the threatened injury outweighs the harm of an injunction. Finally, he did not clearly prove that the injunction would not disserve the public interest. Petitioner has failed to clearly carry the

burden of persuasion on any of the four prerequisites required to establish the need for a temporary restraining order.

## RECOMMENDATION

It is accordingly recommended that Petitioner's motion for a temporary restraining order (Dkt. # 43) be denied.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 14th day of March, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

3