IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRENT ALAN MCLEAN, #663292 | § § | |
| VS. | § § | CIVIL ACTION NO. 4:20cv470<br>*consolidated with* 4:20cv543 |
| DIRECTOR, TDCJ-CID | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

*Pro Se* Petitioner Brent Alan McLean, a former inmate confined in the Texas prison system, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge Kimberly C. Priest Johnson for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

### I. PROCEDURAL BACKGROUND

Petitioner is challenging the denial of his release to mandatory supervision. Petitioner does not challenge the validity of any conviction here. To provide necessary context, however, the Court will provide a brief overview of his underlying convictions.

On August 11, 1993, Petitioner was convicted in Collin County, Texas, in three separate cases for felony driving while intoxicated ("DWI"), and was sentenced to twenty-five years' confinement in each case, sentences to run concurrently, Cause No. 296-80649-93 (Dkt. #31-23, pp. 20-22); Cause No. 296-80650-93 (Dkt. #31-19, pp. 22-24); Cause No. 296-80651-93 (Dkt. #31-16, pp. 47-49). (Dkt. #53-1, p. 3). Petitioner's projected mandatory supervision release date was October 3, 2019, and his maximum discharge date was February 23, 2023. (Dkt. #53-1, p. 3).

On December 12, 2000, Petitioner was released from custody to parole supervision. (Dkt. #53-1, p. 4).

On April 29, 2005, Petitioner was convicted in Denton County, Texas for sexual performance by a child and was sentenced to fifteen years' confinement, Cause No. F-2005-0312-B. (Dkt. #30-20, pp. 38-40; Dkt. #53-1, p. 3). Petitioner's parole supervision was revoked on May 10, 2005. (Dkt. #53-1, p. 4). At the time Petitioner committed the offense of sexual performance by a child, the offense was eligible for release on mandatory supervision. *See* Tex. Gov't Code § 508.149 (West 2001).[1] Thus, on October 14, 2016, Petitioner was again released to mandatory supervision. (Dkt. #53-1, p. 5). Petitioner's maximum discharge date was August 27, 2020. (Dkt. #53-1, p. 3).

On September 28, 2017, Petitioner was convicted in Dallas County, Texas for failure to register as a sex offender and was sentenced to five years' confinement, Cause No. F-17-18392-M. (Dkt. #53-1, p. 3). His maximum discharge date was April 3, 2022. (Dkt. #53-1, p. 3). Petitioner's mandatory supervision was revoked on October 25, 2017, and he was transferred to TDCJ custody on October 31, 2017. (Dkt. #53-1, p. 5).

On August 7, 2019, during a time audit for discretionary mandatory supervision release, TDCJ noticed an error in their classification of Petitioner's sentence for failure to register as a sex offender. (Dkt. #31-19, p. 62). TDCJ corrected their records to reflect that the sentence is ineligible

---

[1] In 2007, sexual performance by a child was added to the list offenses that were no longer eligible for release to mandatory supervision. *See* Tex. Gov't Code § 508.149(a)(15) (West 2007). However, Petitioner remained eligible for mandatory supervision because he was subject to the law in effect at the time he committed the offense of sexual performance by a child. *See Ex parte Thompson*, 173 S.W.3d 458, 458-59 (Tex. Crim. App. 2005) (eligibility for mandatory supervision is governed by the law in effect at the time the current or holding offense was committed).

for discretionary mandatory supervision because of his prior conviction for sexual performance by a child.[2] *See* Tex. Gov't Code § 508.149(a)(15). (Dkt. #31-19, p. 62).

When Petitioner was not released to mandatory supervision on October 3, 2019 (as he had expected based on his Collin County DWI sentences), Petitioner filed three applications for state habeas corpus relief, arguing that his Collin County DWI convictions were his "holding" offenses, which controlled his release date to mandatory supervision.[3] The Texas Court of Criminal Appeals ("TCCA") denied all three state habeas applications.[4] (Dkt. #31-17; Dkt. #31-20; Dkt. #39-1).

On May 15, 2020,[5] Petitioner, while confined at the Estelle Unit, filed the instant federal petition challenging the denial of his release to mandatory supervision. The petition was originally filed in the United States District Court for the Northern District of Texas, Dallas Division, but it was transferred to this Court on June 15, 2020. (Dkt. #5). The thrust of Petitioner's argument is

---

[2] When Petitioner committed the offense of failure to register as a sexual offender in 2016 (Dkt. #53-1, p. 3), the applicable mandatory supervision statute provided that "[a]n inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of . . . an offense under Section 43.25, Penal Code [Sexual Performance by a Child]." Tex. Gov't Code § 508.149(a)(15). Because Petitioner previously had been convicted of sexual performance by a child, his failure to register as a sex offender conviction rendered him ineligible for mandatory supervision.

[3] He filed two state habeas applications in Collin County (Dkt. #31-19, pp. 29-47; Dkt. #31-23, pp. 27-45), and one state habeas application in Dallas County (Dkt. #31-24, pp. 17-34).

[4] In denying his last state habeas application, the TCCA wrote:

> After a review of the record, we deny relief on Applicant's claims relating to mandatory supervision eligibility and good time credits. In so doing, we observe that one of Applicant's writ exhibits reflects a prior conviction for sexual performance by a child. This Court's records contain previous challenges to the sexual performance by a child conviction. *Ex parte McLean*, No. WR-27,322-03 (Tex. Crim. App. May 2, 2007) (not designated for publication). A prior conviction for sexual performance by a child would cause Applicant to be ineligible for mandatory supervision release. TEX. GOV'T. CODE § 508.149(a)(15).

(Dkt. #39-1).

[5] A *pro se* prisoner's habeas corpus petition is deemed filed, for the purposes of the Antiterrorism and Effective Death Penalty Act of 1996, when the prisoner delivers the papers to prison authorities for mailing. *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Petitioner declared under penalty of perjury that he deposited the petition in the prison mailing system on May 15, 2020. (Dkt. #3, p. 10).

that his Collin County DWI convictions were his "holding" offenses, which controlled his release date to mandatory supervision. As relief, Petitioner asks the Court "to re-instate his legal, statutory mandatory release date in his [Collin County DWI] holding conviction, i.e., 10-01-2019, and order the Texas Board of Pardons and Parole to honor said legal release date; releasing him immediately to mandatory supervision." (Dkt. #3, p. 7). On March 31, 2021, the Director filed a response, arguing that Petitioner's claims are time-barred, and alternatively, Petitioner is ineligible for release on mandatory supervision. (Dkt. #29). Petitioner filed a reply on May 28, 2021. (Dkt. #36).

In August 2022, Petitioner filed a "Motion to Amend Application" (Dkt. #49), which the Court construed as a motion to supplement his petition. (Dkt. #51). A few months later, Petitioner filed an "Emergency Motion for Release from Continued Confinement." (Dkt. #50). Petitioner stated that he was released to mandatory supervision on April 25, 2022. (Dkt. #49, p. 1). He also asserted that, while released to mandatory supervision, he absconded but turned himself in on June 21, 2022. (Dkt. #50, p. 1). He claimed that he was reinstated to mandatory supervision on July 8, 2022, but, as of November of 2022, he remained in the Dallas County Jail because there were no available beds at a halfway house. (Dkt. #50, p. 1).

On January 20, 2023, the Court ordered the Director to file a supplemental response addressing the impact, if any, these new factual developments have on Petitioner's habeas petition. (Dkt. #51, p. 2). The Court also ordered the Director to file any supplemental records relevant to the disposition of this cause. (Dkt. #51, pp. 2-3).

On February 22, 2023, the Director filed a supplemental response (Dkt. #53), along with the Affidavit of Charley Valdez (Dkt. #53-1), Program Supervisor V for the Classification and Records Department of the Texas Criminal Justice/Correctional Institutions Division. Valdez's affidavit reflects that: on April 3, 2022, Petitioner discharged his sentence for failure to register as

4

a sex offender and became eligible for mandatory supervision release; and, on April 26, 2022, Petitioner was released to mandatory supervision.[6] (Dkt. #53-1, pp. 3, 6). An arrest warrant was issued on June 21, 2022, and executed on June 27, 2022. (Dkt. #53-1, p. 2). The warrant was withdrawn on August 5, 2022, and Petitioner was continued on mandatory supervision with a maximum discharge date for his DWI convictions of February 23, 2023. (Dkt. #53-1, p. 2).

The Director asserts these new factual developments have now rendered Petitioner's federal habeas claims moot. (Dkt. #53). The Director thus argues Petitioner's habeas petition should be dismissed for lack of jurisdiction. (Dkt. #53).

## II. ANALYSIS

An action is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. Feb. 22, 2007) (citing *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (holding case mooted by petitioner's release from prison)). The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exists at all stages of federal court proceedings. *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (citing *United States v. Vega*, 960 F.3d 669, 672 (5th Cir. 2020)) (citing *Spencer v. Kemna*, 53 U.S. 1, 7 (1998)); *see also Bailey*, 821 F.2d at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Adair v. Dretke*, 150 F. App'x 329, 331 (5th Cir. 2005) (quoting *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999)). "'A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Herndon*, 985 F.3d at 446 (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)). A petition for a writ of habeas corpus is not automatically moot when

---

[6] Although Petitioner discharged his sentence for failure to register as a sex offender, he was still serving sentences for his three DWI convictions, for which he was eligible for mandatory supervision release. (Dkt. #53-1, p. 2).

5

a petitioner is released from prison, but it is moot when the main thrust of the petition is to be released from prison and the petitioner has been released. *Bailey*, 821 F.2d at 278.

In the present case, Petitioner does not attack the validity of any conviction. He simply contends that he has been denied release to mandatory supervision and requests to be released to mandatory supervision. As explained above, subsequent to the filing of his federal petition, Petitioner discharged his sentence for failure to register as a sex offender, became eligible for mandatory supervision, and was released to mandatory supervision. He thus obtained the relief sought. Accordingly, Petitioner's habeas petition is now moot, and the Court lacks subject matter jurisdiction over this action. *See, e.g.*, *Bailey*, 821 F.2d at 278 ("The main thrust of Bailey's petition is to be released from his confinement. Because Bailey was released in April 1986, however, this court can no longer provide him with that relief."); *Frischenmeyer v. Quarterman*, 187 F. App'x 378 (5th Cir. 2006) (unpublished) (dismissing appeal and certificate of appealability as moot by citing *Bailey* to explain that "Frischenmeyer was released on mandatory supervision on May 9, 2006. Frischenmeyer's claims have been rendered moot by his release."). *Minor v. Dir., TDCJ-CID*, No. 6:19CV251, 2019 WL 7790437, at *2 (E.D. Tex. Dec. 30, 2019) ("Because Minor has already been released from confinement, this Court cannot provide him the release [to mandatory supervision] he seeks."), *report and recommendation adopted*, No. 6:19CV251, 2020 WL 475444 (E.D. Tex. Jan. 28, 2020); *Gunn v. Dir., TDCJ-CID*, No. CIV.A. 6:08CV485, 2009 WL 152701, at *1 (E.D. Tex. Jan. 20, 2009) (the petitioner's complaint that the Texas Parole Board did not release him on mandatory supervision became moot when he was released); *Chudej v. Cockrell*, 2002 WL 1878576 *2 (N.D. Tex. Aug. 12, 2002) (unpublished) ("In this instance, petitioner does not attack the validity of any conviction. He simply contends that he has been denied release onto mandatory supervision. Subsequent to the filing of his federal petition, he has been released. He

6

has thus obtained the relief sought. Accordingly, his petition is moot and this Court lacks subject matter jurisdiction over this action.").

Furthermore, the maximum discharge date for Petitioner's remaining sentences—his sentences on his Collin County DWI convictions—was February 23, 2023. Therefore, any additional claims related to the imposition or duration of those sentences became moot on the day he discharged those sentences. *See Lane v. Williams*, 455 U.S. 624, 631 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot."); *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988) ("If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot.").

### III.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). Although Petitioner has not yet filed a notice of appeal, it is recommended that the Court, nonetheless, address whether Petitioner would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (holding that a district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court," noting that "[f]urther briefing and argument on the very issues the court has just ruled on would be repetitious").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained

7

the requirement associated with a substantial showing of the denial of a constitutional right in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is recommended that reasonable jurists could not debate the dismissal of Petitioner's § 2254 petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability.

## IV.  RECOMMENDATION

It is recommended that the above-styled petition filed under 28 U.S.C. § 2254 be dismissed without prejudice for lack of jurisdiction. It is further recommended that a certificate of appealability be denied.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.

An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 20th day of March, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE